IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

BRUD ROSSMANN,                    )
                                  )
        Plaintiff,                )
                                  )
            v.                    )       1:08cv316 (JCC)
                                  )
RONALD H. LAZARUS, ESQ.,          )
et al.,                           )
                                  )
        Defendants.               )

## M E M O R A N D U M    O P I N I O N

_____This matter is before the Court on a combined motion brought by three defendants, Henry Osborne, Nancy Osborne, and Jobin Realty, seeking dismissal under Rule 12(b)(6).  For the following reasons, the Court will **grant** the motion with respect to Counts L, LI, and LIII and **deny** the motion with respect to all other counts.

## I. Background

This lawsuit arises out of the 2003 sale of Plaintiff Brud Rossmann's[1] ("Plaintiff") home in Vienna, Virginia. Plaintiff purchased this property, located at 2321 Sawtooth Oak

_____

[1] The Court notes that while Plaintiff has filed this lawsuit pro se, he is an attorney licensed to practice law in the state of New York. Consequently, the Court will hold Plaintiff's pleadings and briefs to the same standard it would if he were represented by counsel, and not provide him the benefit of the doubt that is normally afforded a pro se plaintiff not versed in the practice of law.

1

Court (the "Property"), on September 8, 2000.  The property was secured by two mortgage loans from Defendant Roslyn National Mortgage Corporation ("Roslyn National").  On or about February 1, 2001, Defendant EverHome Mortgage Company ("EverHome"), f/k/a Alliance Mortgage Company ("Alliance"), purchased and began servicing the primary mortgage loan.  The other loan, a $78,537 second-lien position home equity loan, was purchased by Defendants Chase Manhattan Bank USA, N.A., Chase Manhattan Mortgage Corporation, and Chase Home Finance LLC (collectively, "Chase") on February 15, 2001.  Plaintiff later decided to refinance the primary mortgage loan, and on July 23, 2001, closed on a new mortgage loan in the amount of $420,000, payable to Defendant American Home Mortgage Corporation ("American Home").  After Plaintiff closed on the new loan, EverHome ceased servicing the old loan.

       In September 2001, Defendant Astoria Federal Savings and Loan Association ("Astoria") purchased and began servicing the July 2001 loan.  Around February 2003, Plaintiff became delinquent in his payments on the loan.  On March 10, 2003, Astoria referred Plaintiff's file to Virginia counsel and requested that the substitute trustee conduct a foreclosure sale. A foreclosure sale was set to take place on April 7, 2003, but was cancelled on April 1, 2003.  The debt owed Astoria under the July 2001 loan was paid in full on June 1, 2003.

On October 17, 2002, prior to becoming delinquent in his payments on the July 2001 loan, Plaintiff engaged Defendant Dorothy Kee ("Kee"), an employee of Defendant Re/Max Elite Properties, Inc. ("Re/Max Elite"),[2] as the listing agent for the sale of the Property.  On that date, Plaintiff's home was listed at $624,927.  A short time later, in January 2003, Plaintiff was incarcerated and it became necessary to handle his real estate affairs through a power of attorney.  On January 26, 2003, Plaintiff granted power of attorney to Theresa Amato, and on March 28, 2003, Plaintiff granted power of attorney to his uncle, Jeff Jones ("Jones").  The power of attorney gave Jones the ability to conduct Plaintiff's affairs regarding the sale of the Property.

On April 3, 2003, Plaintiff and Defendants Henry C. Osborne, Jr. and Nanci A. Osborne ("the Osbornes") entered into a contract for the sale of the Property (the "Sales Contract") in which the Osbornes agreed to purchase the property for $565,000. To secure their purchase, the Osbornes placed a $10,000 earnest money deposit with Defendant Jobin Realty ("Jobin").  Due to Plaintiff's incarceration, Jones signed the Sales Contract on Plaintiff's behalf.  The Sales Contract specified both April 25, 2003 and April 30, 2003 as closing dates.

---

[2] Re/Max Elite was purchased by Defendant Re/Max Allegiance in August of 2003.

In early April 2003, Defendant Old Dominion Settlements, Inc., trading under the name Key Title ("Key Title"), received the Sales Contract in order to perform the closing for the Property.  Key Title also received a copy of the Osbornes' $10,000 deposit and a copy of the document granting power of attorney to Jones.  Defendant Ronald H. Lazarus, Esq., ("Lazarus") a principal and employee of Key Title and a partner with Defendant Cregger and Lazarus, LLP, ("Cregger and Lazarus") contacted Jones and informed him that the power of attorney was not notarized and that, as a result, it could not be used for closing.

On April 16, 2003, Key Title received the title abstract that disclosed four outstanding liens against the Property, two of which presented title defects: an old "unreleased" EverHome loan that should have been paid and released after the July 2001 refinancing, and a lien on the property to secure the payment to Mercedes Benz of a car loan for Plaintiff's Audi.  Because these title defects were not resolved by either April 25 or April 30 – the closing dates listed in the Sales Contract – the closing could not go forward.

On May 17, 2003, Lazarus met with Plaintiff at the Fairfax County Detention Center and had Plaintiff sign a specific power of attorney authorizing Jones to sell Plaintiff's home, which was then notarized.  On May 20, 2003, EverHome acknowledged that the unreleased loan had been paid off and agreed in writing

4

to release their lien.  The next day, the Osbornes agreed to extend the Sales Contract deadline to May 28, 2008 to resolve any remaining title issues.  After the Audi was sold, the Osbornes closed on the Property.  On June 4, 2003, Lazarus had a package delivered to Plaintiff informing him that the closing was complete.

On April 1, 2008, Plaintiff filed a Complaint against 16 different individuals and entities involved in the sale of his home.  On May 9, 2008, Plaintiff filed an Amended Complaint that added three more defendants.  In total, Plaintiff has sued the following defendants: Lazarus, Key Title, Cregger & Lazarus, Kee, Re/Max Elite, Re/Max Allegiance, Jobin, the Osbornes, Everhome, Chase, Astoria, American Home, Roslyn National, and ABC Insurance Company (collectively, "Defendants").  The Amended Complaint totals 138 pages and 63 counts.

On July 30, 2008, the Osborne Defendants and Defendant Jobin filed a Motion to Dismiss.  Plaintiff filed a Motion in Opposition on August 19, 2008.  The Defendants filed a Reply to Plaintiff's Opposition on September 3, 2008.  These matters are currently before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. However, while Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007)(citation omitted).

Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense. *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996) (internal citations omitted) (statute of limitations defense is an affirmative defense that

6

merits a dismissal pursuant Rule 12(b)(6)); *see also* 5B Wright & Miller, Federal Practice and Procedure § 1357 ("A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6).")

## III. Analysis

Plaintiff brings three counts against the Osbornes: Counts XLIX (breach of contract), L (fraud), and LI (negligence). He also brings two counts against Jobin: Count LIII (negligence) and Count LII (breach of contract). The counts against the Osbornes relate to the following allegations: their failure to tender the purchase payment for the property in cash, the act of closing on the property under a forged sales contract, and their failure to forfeit the $10,000 earnest money payment after breaching the closing date included in the Sales Contract. The counts against Jobin pertain to its alleged failure to tender the $10,000 earnest money deposited by the Osbornes to Plaintiff when the Osbornes breached the terms of the Sales Contract. The Court will address each count in turn.

### A.   Breach of Contract by Osbornes: Count XLIX

Plaintiff alleges that the Osbornes breached the written Sales Contract between the parties that was entered into on April 3, 2003. Under Virginia law, a cause of action for

breach of contract requires "the existence of a duly executed and enforceable agreement; performance or offers to perform by plaintiffs; that defendants failed to perform; that the breaches caused actual damages; and that those damages are recoverable under Virginia law." *Johnson v. D & D Home Loans Corp.*, 2008 WL 851083, at *6-7 (E.D. Va. Jan. 23, 2008) (citing *Carley Capital Group v. Newport News*, 709 F. Supp. 1387, 1396 (E.D. Va. 1989)). A breach must be "material": "something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." *Id.*

Here, the existence of a valid sales contract between the parties is actually disputed by Plaintiff, who alleges that the seller's signature was forged.  Plaintiff also alleges that the Osbornes were obligated to, but did not, tender the purchase price in cash, and should have, but did not, forfeit the $10,000 earnest money deposit because settlement occurred past the date set for closing in the Sales Contract.

Defendants Osborne argue that the express terms of the Sales Contract provide that "the earnest money deposit was only subject to forfeiture if the settlement did not occur."  Def.'s Mot. to Dismiss at 6 (citing Ex. 1, ¶ 25).  They note that, while settlement occurred late, it did actually occur, and so they did not violate this provision of the contract.

Plaintiff submits that, although the Sales Contract does not include an explicit "time is of the essence" provision, one may be implied in the contract under Virginia law.  Pl.'s Reply at 10 (citing *Conti v. Stokes Equip. Co.*, 21 Fed. R. Serv. 3d (Callaghan) 58 (E.D. Va. 1994) ("time is of the essence" need not literally appear in the contract, where "the conduct of the parties or the nature and circumstances of the agreement" otherwise establish that time is of the essence)); *Howell v. Berne*, 24 Va. Cir. 484 (1991) ("It is hornbook law that unreasonable delay constitutes a material breach of any contract, whether time is an essential element or not.")).  Based on these cases, Plaintiff argues that the 55-day delay from the execution date of the Sales Contract and closing, "almost four times the promised 15 days found in paragraph 33 of the Sales Contract," violates the express and implied time terms of the Sales Contract.  Pl.'s Reply at 11.  Plaintiff also argues that the Osbornes' position "would effectively provide the buyer with a non-expiring option to purchase, locking up a seller's property ad infinitum, and without penalty."  *Id.* at 10.

The Court finds that because an ambiguity exists as to whether time was of the essence for Paragraph 25 of the Sales Contract, this issue is not the appropriate subject of a Motion to Dismiss.  Therefore, the Court will deny the Osborne Defendants' Motion to Dismiss with respect to Count XLIX.

**B.    Fraud by Osbornes: Count L**

In Virginia, the statute of limitations for fraud is two years, and begins running when the alleged fraud is discovered or should have been discovered by the exercise of reasonable diligence.  Va. Code Ann. §§ 8.01-243 & 8.01-249; *Va. Imports, Inc. v. Kirin Brewery of Am., LLC*, 296 F. Supp. 2d 691, 699 (E.D. Va. 2003).  The discovery rule places the burden on the plaintiff "to prove that he acted with due diligence and yet did not discover the fraud or mistake until within the statutory period of limitation immediately preceding the commencement of the action."  *Hughes v. Foley*, 128 S.E.2d 261, 263 (Va. 1962). To comply with the requirement of due diligence, the plaintiff must use "[s]uch a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent [person] under the particular circumstances."  *Id.*

Here, the Osborne Defendants contend that the statute of limitations on the fraud claims against them began to run in May 2003, when Plaintiff learned that his house was being sold for a price of $565,000, and that his house did not close on the dates specified in the Sales Contract.  Alternatively, the Osborne Defendants argue that the statute of limitations began to run on June 20, 2005, when, in an email to an employee of Re/Max Allegiance, Plaintiff admitted to having knowledge of the sale of his home in 2003.  Plaintiff, pointing to exhibits attached to

his Amended Complaint, contends that he did not learn of the extent of the Osborne Defendants' alleged fraud until April 20, 2006, a date less than two years prior to the filing of the Complaint.

There seems to be little question that the alleged fraud, if it occurred at all, took place in April and May of 2003.  The issue then is whether Plaintiff's allegation that he did not discover the fraud until April 2006 satisfies the requirements of Virginia's discovery rule.  At this juncture, prior to discovery, the Court does not believe that it can answer this question.

Defendants also argue that Plaintiff has failed to plead fraud by the Osbornes with particularity.  "Under Federal Rule of Civil Procedure 9(b), a claim of fraud must allege with particularity a false representation by a defendant of a material fact with the intent to mislead, and that the plaintiff reasonably relied on the representations to his detriment." *Goldstein*, 72 F. Supp. 2d at 627 (citing *Sneed v. American Bank Stationary Co.,* 764 F. Supp. 65, 67-68 (W.D. Va. 1991)).  "The minimum type of circumstances that must be pleaded include the time, place, content, and identity of authorship of any alleged misrepresentation."  *Id.* (citing *Riley v. Murdock*, 828 F. Supp. 1215, 1224 (E.D.N.C. 1993); *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1127-28 (2d Cir. 1994); *Tuchman v. DSC Commc'ns. Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994); *Katz v. Household*

*Int'l, Inc.*, 36 F.3d 670, 675 (7th Cir. 1994)). "Conclusory allegations do not satisfy the requirements of the rule." *Id.* (citing *Commercial Prop. Invs., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995)).

Here, Plaintiff has failed to meet this standard. He makes only general statements that the Osbornes missed the closing date specified in the sales contract, knowingly closed under a forged sales contract, and failed to forfeit the earnest money deposit. Pl.'s Am. Comp. at ¶¶ 421-25. The eight allegations stating the fraud claim are the same words, verbatim, that Plaintiff uses to allege his breach of contract claim and his negligence claim. *See id.* at ¶¶ 427-34. Time, place, and anything more than conclusory allegations of content are absent. Consequently, the Court finds that Plaintiff has failed to state a claim for fraud against the Osbornes and the Court will grant the Defendants' Motion with respect to Count L.

**C.    Negligence by Osbornes: Count LI**

The statute of limitations for negligence is two years, and begins to run on the date the plaintiff is injured, even if the injury is slight. Va. Code Ann. §§ 8.01-230, 8.01-243 & 8.01-248; *McHenry v. Adams*, 448 S.E.2d 390, 392-93 (Va. 1994).

The Osborne Defendants contend that the two-year statute of limitations began to run on April 25, 2003, when Plaintiff learned that his house was being sold for a price of $565,000 and that his house did not close on the dates specified

in the Sales Contract.  Alternatively, the Osborne Defendants argue that the statute of limitations began to run on June 2, 2003, when settlement actually occurred on the property.

Plaintiff argues that two-year discovery rule for fraud claims applies to his negligence claim under VA Code §§ 8.01-243 and 8.01-249 because the Osborne Defendants were fiduciaries of the Plaintiff while the earnest money was in escrow.  The discovery rule places the burden on the plaintiff "to prove that he acted with due diligence and yet did not discover the fraud or mistake until within the statutory period of limitation immediately preceding the commencement of the action."  *Hughes v. Foley*, 128 S.E.2d 261, 263 (Va. 1962).  To comply with the requirement of due diligence, the plaintiff must use "[s]uch a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent [person] under the particular circumstances."  *Id.*

The Osborne Defendants also argue that the negligence claim against them should be dismissed because it is merely a restatement of the breach of contract claim.  Plaintiff's negligence claim repeats nearly verbatim the allegations set forth in his breach of contract claim.  If a fraud claim centers on an act or omission arising out of a contractual duty alone, then the claim is founded upon contract and not tort and must be dismissed.  *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 507 S.E.2d 344, 347 (Va. 1998).

Plaintiff contends that his negligence claim centers on acts by the Osbornes that arise out of independent common law duties; however, Plaintiff's fraud allegations begin with a statement regarding the Sales Contract between the parties. Pl.'s Am. Compl. ¶ 428. The eight allegations stating the negligence claim are the same words, verbatim, that Plaintiff uses to allege his breach of contract claim. *Id.* ¶¶ 427-34. Even a liberal reading of the Amended Complaint reveals that any duty referenced in that paragraph arises out of the contract between the parties. In other words, the Osborne's duty to pay cash, to close in a timely fashion, and to forfeit the $10,000 earnest payment, arose out of the Sales Contract, not some other, independent duty.

The Court finds that Plaintiff's negligence claim is untimely because, even were the discovery rule to apply, the Amended Complaint includes no allegations that the clock on his negligence claim should start running at any time other than April or June 2003. The Court also finds that Plaintiff's negligence claim merely alleges negligent performance of contractual duties. As a tort action cannot be based solely on a negligent breach of contract, Plaintiff has failed to state a negligence claim. *See Richmond Metro.*, 507 S.E.2d at 347; *see also Umstead v. Chase Manhattan Mortg. Corp.*, 2005 WL 2233554, at *4 (W.D. Va. Sept. 13, 2005). The Court will grant the Osborne Defendants' Motion to Dismiss Count LI.

14

### D.  Negligence by Jobin: Count LIII

_____As stated above, the statute of limitations for
negligence is two years, and begins to run on the date the
plaintiff is injured, even if the injury is slight.  Va. Code
Ann. §§ 8.01-230, 8.01-243 & 8.01-248; *McHenry v. Adams*, 448
S.E.2d 390, 392-93 (Va. 1994).  However, under Virginia law,
professional malpractice actions are treated as breach of
contract actions and therefore fall within the limitations period
applicable to contract actions.  *Ranney v. Nelson*, 176 Fed. Appx.
405, 409 (4th Cir. 2006); *see also Va. Military Inst. v. King*,
232 S.E.2d 895, 899-900 (Va. 1977) (finding that action for the
negligence of an architect, while sounding in tort, was an action
for breach of contract governed by the statute of limitations
applicable to contracts); *Oleyar v. Kerr*, 225 S.E.2d 398, 400
(Va. 1976) (reaching the same conclusion as *King* in a negligence
action against an attorney).  The statute of limitations for
breach of a written contract is five years, and the cause of
action accrues and the limitations period commences on the date
of the alleged breach.  Va. Code Ann. §§ 8.01-230 & 8.01-246(2);
*Arrington v. Peoples Sec. Life Ins. Co.*, 458 S.E.2d 289, 291 (Va.
1995).  The statute of limitations for breach of an oral contract
or implied contractual duties is three years.  Va. Code Ann.
§ 8.01-246(4); *see also Laios v. Wasylik*, __ F. Supp. 2d __, 2008
WL 2741158, at *2 (E.D. Va. Apr. 2, 2008).

Here, Plaintiff's negligence counts are effectively professional malpractice claims against Jobin based on Jobin's work as an escrow agent who contracted with Plaintiff and the Osborne Defendants regarding the sale of Plaintiff's home. Because the contractual relationship between Plaintiff and Defendant Jobin was based on a written sales contract, the five-year statute of limitations applies.  Plaintiff alleges that Jobin breached the Sales Contract by failing to tender to Plaintiff the Osbornes' $10,000 earnest money when the Osbornes failed to abide by the terms of the Sales Contract.  Given that the alleged breach occurred by either April 25, 2003 or April 30, 2003, and Plaintiff filed suit on April 1, 2008, the Court finds that Plaintiff's negligence claim is within this five-year time limit.

Defendant Jobin also argues that the negligence claim against it should be dismissed because it is merely a restatement of the breach of contract claim.  Plaintiff repeats nearly verbatim the allegations set forth in his breach of contract claim.  Defendant Jobin submits that, if a negligence claim centers on an act or omission arising out of a contractual duty alone, then the claim is founded upon contract and not tort and must be dismissed.  *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 507 S.E.2d 344, 347 (Va. 1998).  Plaintiff responds in conclusory terms that his allegations constitute "negligence

sufficiently independent of nonperformance under the contract terms."  Pl.'s Mem. in Opp'n at 22.

Plaintiff's fraud allegations in his Amendment Complaint begin with a statement regarding the Sales Contract between the parties.  Pl.'s Am. Compl. ¶ 428.  In fact, the ten allegations stating the negligence claim use the same words, verbatim, with which Plaintiff alleges his breach of contract claim.  *Id.* ¶¶ 445-54.  Even a liberal reading of the Amended Complaint reveals that any duty referenced in that paragraph arises out of the contract between the parties.  In other words, Jobin's obligations with regard to the escrow money arose out of the Sales Contract, not some other, independent duty.  The Court finds that Plaintiff's negligence claim against Defendant Jobin simply alleges negligent performance of contractual duties.  Because a tort action cannot be based solely on a negligent breach of contract, Plaintiff has failed to state a negligence claim.  *See Richmond Metro.*, 507 S.E.2d at 347; *see also Umstead v. Chase Manhattan Mortg. Corp.*, 2005 WL 2233554, at *4 (W.D. Va. Sept. 13, 2005).  The Court will grant Defendant Jobin's Motion with respect to Count LIII.

**E.    Breach of Contract by Jobin: Count LII**

The statute of limitations analysis applied by the Court in III.D applies to Plaintiff's breach of contract claims as well.  Thus, Plaintiff's breach of contract claim is within the five-year statutory time limit.  However, Defendant Jobin

argues that this claim should be dismissed because the Sales
Contract expressly provides that "[t]he Seller and Purchaser
agree that no Escrow Agent will have any liability to any party
on account of disbursement of the Deposit or on account of
failure to disburse the Deposit, except only in the event of the
Escrow Agent's gross negligence or willful misconduct."  Def.'s
Mot. to Dismiss Ex. 1 at ¶ 25.  Defendant argues that because
Plaintiff has not alleged any gross negligence or willful
misconduct, nor pled any facts that could rise to that level, his
claim is insufficient.  Plaintiff responds that the facts alleged
are sufficient to support an allegation of "willful misconduct"
because of inferences of self-dealing and the heightened duties
of care owned by the Escrow Agent to its Principal.  Pl.'s Reply
at 23.

        The Court notes that the ten allegations with which
Plaintiff states his breach of contract claim use the same words,
verbatim, that Plaintiff uses to allege his breach of contract
claim.  Pl.'s Am. Compl. ¶¶ 445-54.  Plaintiff makes no further
allegations that could support a claim of willful misconduct or
gross negligence.  However, the Court must deny a motion to
dismiss unless "it appears beyond doubt that the plaintiff can
prove no set of facts in support of his claim which would entitle
him to relief."  *De Sole v. United States*, 947 F.2d 1169, 1177
(4th Cir. 1991) (citations omitted).  The Court finds that it
would be premature to grant a motion to dismiss where the parties

18

have not yet had the opportunity to ascertain, through discovery,
whether there are any facts showing willful misconduct or gross
negligence by Defendant Jobin.  The Court will deny Defendant
Jobin's Motion with respect to Count LII.

**F.    Defendants' Request for an Award of Attorney's Fees and
Costs Against Plaintiff**

Defendants request, in the event of a favorable ruling
on their motion to dismiss, that attorneys' fees and costs be
awarded to them.  Because the Court has not dismissed all claims
against either of the defendants, this request is currently
premature.

### IV.   Conclusion

For these reasons, the Court will **grant** the motion with
respect to Counts L, LI, and LIII and **deny** the motion with
respect to all other counts.__

_____An appropriate Order will issue.___

_____

October 7, 2008                      _____/s_____
Alexandria, Virginia                        James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE