IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| BRUD ROSSMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08cv316 (JCC) |
| | ) | |
| RONALD H. LAZARUS, ESQ., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on a motion by
Plaintiff Brud Rossman (Rossman) to strike the reply memorandum
filed by Defendants Henry C. Osborne, Jr., Nanci A. Osborne
(Osbornes) and Jobin Realty (Jobin) in response to Plaintiff's
Memorandum in Opposition to their Motion to Dismiss.  For the
following reasons, the Court will **grant** the motion.

**I. Background**

On April 1, 2008, Plaintiff filed a Complaint against
16 different individuals and entities involved in the sale of his
home.  On May 9, 2008, Plaintiff filed an Amended Complaint,
adding three new defendants.  In total, Plaintiff has sued the
following defendants: Lazarus, Key Title, Cregger & Lazarus, Kee,
Re/Max Elite, Re/Max Allegiance, Jobin, the Osbornes, Everhome,
Chase, Astoria, American Home, Roslyn National, and ABC Insurance

1

Company (collectively, "Defendants").  The Amended Complaint totals 138 pages and 63 counts.

On July 30, 2008, the Osborne Defendants and Defendant Jobin filed a Motion to Dismiss.  Plaintiff filed a Motion in Opposition on August 19, 2008.  The Defendants filed a Reply to Plaintiff's Opposition on September 3, 2008.

On September 5, 2008, Plaintiff filed a Motion to Strike Henry C. Osborne, Jr., Nanci A. Osborne, and Jobin Realty's Memorandum in Reply to Plaintiff's Opposition to Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants filed a response on September 15, 2008.  This matter is currently before the Court.

### III. Analysis

In his Motion, Plaintiff asserts that the Reply Memorandum of the Defendants Osborne and Jobin "should be stricken as untimely and without good cause."  Pl.'s Mot to Strike at 2.  Plaintiff cites Local Civil Rule 7(F)(1) as providing Defendants only three days to file their reply memorandum.  Plaintiff filed his Memorandum in Opposition on August 19, 2008 and served it on the parties by mail.  Plaintiff argues that, allowing three days for mailing, and a three day period for response, the "rebuttal brief is due no later than August 24, a Sunday, making the deadline August 25."  *Id.* (citing Fed. R. Civ. P. 6).   As Defendants filed their rebuttal on

September 3, 2008, without giving cause, Plaintiff submits that
Defendants' filing was untimely and should be stricken.
Plaintiff also objects to the Defendants' failure to file their
rebuttal three days prior to the oral argument that was scheduled
for September 5, 2008.  Pl.'s Mot. to Strike at 2 (citing Fed. R.
Civ. P. 6.1).[1]

     Defendants agree that their reply brief was filed late,
but offer, strictly in explanation, that they had intended not to
reply, but the movement of the hearing date from September 5 to
September 19 caused Defendants to become "uncomfortable 'sitting
quietly' for such a long period of time" and they decided to file
a reply "lest the court might interpret [their lack of reply] as
lack of interest."  Defs' Mem. in Opp. at 1-2.

     Local Civil Rule 7(F)(1) allows the moving party to
"file a rebuttal brief within three (3) days after the service of
the opposing party's reply brief."  Federal Rule of Civil
Procedure 6(a)(1) excludes the day of the act that begins the
time period being computed.  Rule 6(a)(3) includes the last day
of the period unless it is a Saturday, Sunday, or legal holiday.
When the last day is excluded, the period runs until the end of
the next business day.  Rule 6(a)(2) excludes "intermediate
Saturdays, Sundays, and legal holidays when the period is less

---

[1]  The Court finds that no Federal Rule of Civil Procedure 6.1 exists
and it is unable to determine what rule Plaintiff may be attempting to cite.

than 11 days."  Finally, Rule 6(d) adds 3 days after the time period would otherwise expire under Rule 6(a), when service is made under Rule 5(b)(2)(C) (service by mail).

Based on these rules, the Court finds that the deadline for Defendants' rebuttal brief was August 29, 2008.  Defendants filed their Reply Memorandum to Plaintiff's Opposition to their Motion to Dismiss on September 3, 2008, outside of the deadline. The document will be stricken from the record.

### IV.  Conclusion

For these reasons, the Court will **grant** Plaintiff's Motion to Strike.____

_____An appropriate Order will issue._____

October 7, 2008                    _____/s_____
Alexandria, Virginia                    James C. Cacheris
                                   UNITED STATES DISTRICT COURT JUDGE

4