```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division


BRUD ROSSMANN,                  )
                                )
     Plaintiff,                 )
                                )
          v.                    )    1:08cv316 (JCC)
                                )
RONALD H. LAZARUS, ESQ.         )
et al.,                         )
                                )
     Defendants.                )
```

## **M E M O R A N D U M   O P I N I O N**

          This matter is before the Court on a motion by Plaintiff Brud Rossman (Rossman) to Recover Costs of Service of Process Under Federal Rule of Civil Procedure 4(d).  For the following reasons, the Court will grant the motion in part and deny it in part.

### **I. Background**

        On April 1, 2008, Plaintiff filed a Complaint against 16 different individuals and entities that were involved in the sale of his home.  On May 9, 2008, Plaintiff filed an Amended Complaint adding three new defendants.  In total, Plaintiff has sued the following defendants: Lazarus, Key Title, Cregger & Lazarus, Kee, Re/Max Elite, Re/Max Allegiance, Jobin, the Osbornes, Everhome, Chase, Astoria, American Home, Roslyn

1

National, and ABC Insurance Company (collectively, "Defendants"). The Amended Complaint totals 138 pages and 63 counts.

Plaintiff mailed a "Notice of Lawsuit and Request for Waiver of Service of Summons", a "Waiver of Service of Summons", and a copy of the Complaint, dated April 1, 2008, or the First Amended Complaint, dated May 9, 2008 on one or more occasions between April and May 2008 by means of the United States mail, with "Delivery Confirmation" service.  Defendants Lazarus, Key Title, Old Dominion, Cregger & Lazarus, Henry Osborne, Nanci Osborne, Jobin, Astoria, American Home, and Roslyn National failed to waive service.

Prior to the 120 day deadline for service of the Complaint, Plaintiff engaged two process servers to serve process in July 2008.  The first, Alliance Litigation Support, served eight defendants at a cost of $360.00.  The second, Alexander, Poole and Company served three defendants, for $155.00.  The Clerk's Office for the United States District Court for the Eastern District Of Virginia, Alexandria Division, prepared eleven summons packages for service, at a cost of $364.00.[1] Plaintiff also claims his own attorney's fees, at $250.00 per hour for one hour and paralegal fees at $100.00 per hour for one

---

[1] This amount appears to include the cost of preparing eleven packages, even though only ten defendants were served, because Plaintiff intended to serve Defendant Henry Osborne, who is named as a defendant both in his individual capacity and as an agent of Defendant Jobin, twice.  The Clerk's Office withheld the eleventh summons package from the process server and Defendant Henry Osborne was served only once.

hour.  He also claims the costs of photocopying documents to file as exhibits in support of this motion: $55.94.  Plaintiff excludes a $30.00 fee from Alliance Litigation Support to pick up the summons packets at the court.  Plaintiff claims a total of $1255.04, however, adding the sum of the seven costs Plaintiff claims gives a total of $1255.94, and adding the sum of the amounts claimed from each defendant gives a total of $1255.00.

Plaintiff claims $102.00 against Lazarus, $152.00 against Key Title, $102.00 against Old Dominion, $102.00 against Cregger & Lazarus, $102.00 against Henry Osborne, $157.00 against Nanci Osborne, $152.00 against Jobin, $142.00 against Astoria, $102.00 against American Home, and $142.00 against Roslyn National.  The total of Plaintiff's claims against each individual defendant is $1255.00.

Plaintiff filed a Motion to Recover Costs of Service of Process Under Federal Rule of Civil Procedure 4(d) on August 28, 2008.  Defendants Henry and Nanci Osborne and Jobin Realty filed a Memorandum in Opposition on September 9, 2008.  The remaining Defendants have not opposed the motion.  This matter is currently before the Court.

**II. Analysis**

In his Motion, Plaintiff asserts that he should recover the costs he incurred when eleven defendants refused to waive

service of summons. Pl.'s Mot. to Recover at 1 (citing Fed. R. Civ. P. 4(d)). Defendants have not opposed the motion.

Federal Rule of Civil Procedure 4(d)(1) (Requesting a Waiver) provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e) [Individual within a Judicial District of the United States], (f) [Individual in a Foreign Country], or (h) [Corporation, Partnership, or Association] has a duty to avoid unnecesseary expenses of serving the summons." In order to obtain a waiver of service, Plaintiff must notify each defendant of the action in writing, addressed to the individual defendant or an authorized agent of a corporation, partnership, or association. The notice must also include the name the court where the complaint was filed, a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form. Further, the defendant must be informed of the consequences of waiving and not waiving service and the date the notice was sent. Plaintiff must send the notice by first-class mail or other reliable means and give the defendant at least 30 days to return the waiver.

Federal Rule of Civil Procedure 4(d)(2) (Failure to Waive) states that, if a defendant fails, without good cause, to sign and return a waiver, the court must impose: expenses later incurred in making service and reasonable expenses, including

attorney's fees, incurred in filing any motion required to collect those service expenses.

Plaintiff has alleged that he sent, through the United States Postal Service, a "Notice of Lawsuit and Request for Waiver of Service of Summons" (Notice), a "Waiver of Service of Summons" (Waiver), and a copy of the Complaint, dated April 1, 2008, or the First Amended Complaint, dated May 9, 2008 to each of the ten defendants against whom he claims costs of service. Plaintiff has attached delivery confirmation slips, and copies of the Notice and Waiver which were dated and signed by Plaintiff April 22, 2008. *See* Ex. 1-73 to Pl.'s Mot. to Recover Costs. It appears that the Notices and Waivers to Defendants Lazarus, Key Title, Old Dominion, Cregger & Lazarus, Henry Osborne, Nanci Osborne, Jobin, and Astoria were mailed on April 22, 2008, and to American Home and Roslyn National on May 17, 2008. *Id.*

Defendants Osborne and Jobin argue that Plaintiff's motion should be denied for three reasons. First, because Plaintiff did not claim to provide each defendant with two copies of a waiver form and a prepaid means of returning the form, and did not claim the costs of return postage in his motion. Osborne and Jobin Reply Br. at 4. Second, because plaintiffs proceeding pro se may not recover legal fees. *Id.* (citing *Lozano v. Peace*, 2005 U.S. Dist. LEXIS 40360 (E.D. N.Y., July 11, 2005) (citing *Kay v. Ihrler*, 499 U.S. 432, 435-38 (1991))). Finally, because

5

Plaintiff's claims against the Osbornes and Jobin arise from a sales contract between the parties, which requires the seller (Plaintiff) to indemnify the escrow agent (the Osbornes and Jobin) from any loss or expense arising out of the earnest money, except in the case of gross negligence or willful misconduct. *Id.* at 4-5.

Plaintiff responds that he did include a pre-paid means of returning the waiver form, and that images of postmarked return-mailing envelopes used by the defendants who did return the waiver of service exist in the docket. Pl.'s Reply at 2. Plaintiff also attached one of these copies as an exhibit to his Reply Brief. *Id.* at Ex. 1. Plaintiff also objects that "Counsel omits an attorney declaration affirming personal knowledge of these facts." *Id.* at 3. He further argues that Defendants rely on *Lozano* in error because Plaintiff did actually incur the "costs" of his legal time and is an attorney in good standing in New York. *Id.* at 4. Finally, Plaintiff argues that the Sales Contract is irrelevant because Defendants improperly conflate recoverable costs for procedural violations with damages for Plaintiff's underlying claims. *Id.*

Plaintiff did not allege in his motion that he mailed the required two copies of the waiver form or a prepaid means for returning the form, as required by Rule 4(d)(1)(C). Plaintiff's mailings appear to meet all the other requirements of Rule

6

4(d)(1). *See* Pl.'s Mot. to Recover Costs at 2. Plaintiff argues that the fact that the defendants who did waive service did so by means of a postage-paid return envelope shows that all Defendants received such envelopes. This argument is sufficient for the Court, as Plaintiff extensively documented his attempts to obtain a waiver of service from the Defendants. See Ex. 1-73 to Pl.'s Mot. to Recover Costs. Defendants also rely on *Lozano* and *Kay* in error. *Kay* refers to claims for attorney's fees pertaining to claims under 42 U.S.C. § 1988, 499 U.S. at 435, and *Lozano* is not binding on this Court.

  The issue of whether attorneys proceeding pro se can recover attorney's fees in a Rule 4 situation has not been clearly decided. Nonetheless, the majority of the circuits have weighed in against allowing pro se attorney's fees for attorneys in various types of actions. *See Carter v. Veterans Admin.*, 780 F.2d 1479, 1481-82 (9th Cir. 1986) (disallowing fees for FOIA claims); *Cofield v. City of Atlanta*, 648 F.2d 986, 987 (11th Cir. 1981) (disallowing fees under 42. U.S.C. § 1988). In addition, the Fourth Circuit, in its unpublished opinion in *Prousalis v. Jamgochian,* 38 Fed. Appx. 903, 905 (4th Cir. 2002), has declined to award attorney's fees to an attorney proceeding pro se in a Rule 4 situation.

  The Court finds that Plaintiff is entitled to recover the costs of service, as itemized in Plaintiff's Motion to

Recover Costs, minus his claims for attorney and paralegal fees, from the ten defendants named in that motion.

### IV. Conclusion

For these reasons, the Court will grant the motion in part and deny it in part.

An appropriate Order will issue.

March 5, 2009  /s/
Alexandria, Virginia  James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE